UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| J.H., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 2:12-CV-69-PPS-PRC |
| | ) |
| SCHOOL TOWN OF MUNSTER, et al., | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel a Trial Rule 35 Psychological Examination [DE 47], filed by Defendants School Town of Munster, William Pfister, Steven L. Tripenfeldas, Michael Smith, and Matthew Pavlovich on July 14, 2014. Plaintiff filed a response on July 23, 2014, and Defendants filed a reply on July 30, 2014.

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). It further provides that a court may only order an examination "on motion for good cause." Fed. R. Civ. P. 35(a)(2)(A). These two provisions constitute the "in controversy" and "good cause" requirements of Rule 35. *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Thus, before a court may compel a party to submit to a mental or physical examination under Rule 35, the movant must demonstrate (1) that the party's mental or physical condition is actually in controversy and (2) that there is good cause for the examination. *Id.* at 118-19. Additionally, a court order compelling an examination under Rule 35 "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B).

In this case, the parties agree that Plaintiff's mental and emotional health is at issue. Thus, the Court finds that Plaintiff's mental condition is in controversy. The Court also finds good cause for ordering a Rule 35 mental examination of Plaintiff. In his Complaint, filed on February 13, 2012, Plaintiff claims that alleged "hazing" by some members of the Munster High School swim team adversely affected his mental health. Plaintiff testified that actions of fellow team members caused him depression, anxiety, and suicidal thoughts as well as mental and emotional distress. Plaintiff disclosed an expert psychologist, Beth N. Rom-Rymer, Ph.D., to address this element of damages. Dr. Rom-Rymer conducted a forensic evaluation interview and testing on June 28, 2012, from 2:30 p.m. to 5:30 p.m., and June 29, 2012, from 9:00 a.m. to 5:00 p.m. She diagnosed Plaintiff with an exacerbation of a general anxiety disorder that pre-dated any alleged hazing events and depression.

Defendants have retained David E. Hartman, Ph.D., a neuropsychologist licensed in Illinois and New Mexico, to conduct a Trial Rule 35 examination of Plaintiff. Dr. Hartman is engaged in the private practice of clinical, forensic, and medical neuropsychology and clinical psychology.

The parties have agreed to work on a mutually convenient date, and the examination will take place between the hours of 9:00 a.m. and 4:00 p.m. by Dr. Hartman at his office in Chicago, Illinois.

The areas of disagreement precipitating this motion are (1) whether the examination should be videotaped and (2) the articulation of the scope of the examination. The Court considers each in turn.

*1.   Videotaping of Rule 35 Psychological Examination*

Plaintiff asks that the psychological examination by Dr. Hartman be videotaped because Dr. Hartman may be "defendant friendly" and because Plaintiff is vulnerable and does not trust

Defendants. (Pl. Resp. 6). Defendants object, arguing that Dr. Hartman does not allow third party observation or videotape recording of his examinations, Dr. Hartman is a reputable and objective professional, and Plaintiff is now a successful college student capable of participating in the examination without supervision.

In *Zabkowicz v. West Bend Co.*, a case from 1984 cited by Plaintiff, the court denied a defendant's motion to compel a psychological examination without the presence of a third person or a recording device, reasoning that "in the context of an adversary proceeding, the plaintiffs' interest in protecting themselves from unsupervised interrogation by an agent of their opponents outweighs the defendants' interest in making the most effective use of their expert." 585 F. Supp. 635, 636 (E.D. Wis. 1984).

However, more recently, courts have held that, in its discretion, a court may permit the presence of a recording device at the Rule 35 examination but that there is no absolute right to the use of a recording device. *See Newman v. Gaetz*, No. 08-C-4240, 2010 WL 4928868, at *1 (N.D. Ill. Nov. 2, 2010); *see also Haymer v. Countrywide Bank, FSB*, No. 10 C 5910, 2013 WL 657662, at *6-7 (N.D. Ill. Feb. 22, 2013) (rejecting the plaintiff's argument that "an unsupervised examination could easily be conducted in biased fashion, exceed the limits of the Court-ordered exam, or could be transformed into a *de facto* deposition where plaintiff is not represented by counsel"); *Stefan v. Trinity Trucking, LLC*, 275 F.R.D. 248, 250 (N.D. Ohio 2011); *Heath v. Isenegger*, 2:10cv175, 2011 WL 2610394, at *2 (N.D. Ind. July 1, 2011); *Frazier v. Nash-Finch Co.*, 3:10-CV-45, 2011 WL 294875, at *2 (N.D. Ind. Jan. 25, 2011); *Scheriff v. C.B. Fleet Co., Inc.*, 2008

WL 2434184, at *1 (E.D. Wis. June 16, 2008); *Morrison v. Stephenson*, 244 F.R.D. 405, 406 (S.D. Ohio 2007); *EEOC v. Grief Bros. Corp.*, 218 F.R.D. 59 (W.D.N.Y 2003).[1]

In this case, Plaintiff has not identified any basis that would persuade the Court to order that the examination be video recorded. The Court assumes that Dr. Hartman is professional and independent, notwithstanding the fact that he has been hired by defense counsel. Moreover, Dr. Hartman is bound by medical ethics to use his medical judgment to evaluate Plaintiff. *See Haymer*, 2013 WL 657662, at *7 (citing *Hart v. Roundy's Supermarkets, Inc.*, 10-C-824, 2011 WL 3687622, at *2 (E.D. Wis. Aug. 23, 2011)). Dr. Hartman has provided a sworn affidavit stating that "[h]aving a third party present and/or video recording a session were not factors considered in establishing the normative standards of the test[s]" and that variations caused by the presence of a third party cannot be predicted in advance nor adjusted after the fact. (Def. Br., Exh. C, 4.a). He further states that video recording is disruptive to both the examiner and the examinee and affects how examinees portray themselves. *Id*. at 4.b.

Although counsel for Plaintiff notes in his response brief that in 80% of the cases in which he has been retained as an expert, Dr. Hartman was hired by the defendants, attempting to suggest that Dr. Hartman may be biased, counsel for Defendants notes in the reply brief that Dr. Rom-Rymer, Plaintiff's expert, testified for the defendant ten out the twelve times from 2010 through 2014. The Court is not persuaded that the statistics call for the intrusion of a videographer during the examination in this case. Moreover, Dr. Hartman and Dr. Rom-Rymer have agreed to exchange

---

[1] In his brief, Plaintiff cites *McDonald v. Southworth*, 1:07-CV-217, 2008 WL 2705557, at *7 (S.D. Ind. July 10, 2008). First, *McDonald* concerned a physical examination. Second, the Court allowed the plaintiff to engage a videographer to record the examination with no analysis, and there is no indication that any request by the plaintiff to video record the examination was opposed by the defendant. Plaintiff also cites *Jacob v. Chaplin*, 639 N.E.2d 1010 (Ind. 1994), as persuasive authority. Like the court in *Frazier v. Nash-Finch Co.*, 3:10-CV-45, 2011 WL 294875, at *2 (N.D. Ind. Jan. 25, 2011), the Court declines to follow *Jacob*.

their raw data from their examinations. Dr. Hartman will issue a report, will be available for deposition, and will be present at trial for cross-examination. Also, Plaintiff is now a twenty-year old honor student at Indiana University, who anticipated at his deposition that his grade point average would be 3.9 or better out of 4.0, and who will be a sophomore this fall.

Therefore, the Court orders that the Rule 35 examination of Plaintiff by Dr. Hartman not be recorded by a videographer.

2. *Scope of Rule 35 Psychological Examination*

In correspondence prior to the filing of this motion, counsel for Plaintiff asked that the scope of the examination be articulated by Dr. Hartman and agreed upon in advance of the examination. *See* (Def. Br., Exh. D). In response, counsel for Defendant communicated that Dr. Hartman advised that the psychological examination will include an interview, paper and pencil tests, and tests given in a computer format and that Dr. Hartman will choose the tests he administers based on what Plaintiff tells him during the interview. Dr. Hartman indicated that Plaintiff will not be permitted to write down questions asked during the examination. Plaintiff will be allowed to request a break at any time, which Dr. Hartman will accommodate as soon as he is finished with a line of questioning. Plaintiff may have a family member in an outer room, but Dr. Hartman asks that Plaintiff not communicate with anyone about the examination while on a break if the break is taken during the course of an examination. Once an examination is complete, Plaintiff is free to talk about the examination with his family member, his attorney, or anyone else as long as he does not provide memorized test content.

Contrary to Plaintiff's argument, the Court finds that Dr. Hartman's Affidavit does not state that he intends to conduct an "unfettered deposition" of Plaintiff. (Pl. Br. 3). The references to

5

Plaintiff's deposition were made in the context of Dr. Hartman's statement that he should not be limited in his examination to the questions posed during Plaintiff's deposition and in explaining that a psychological examination is conducted differently from legal questioning during a deposition. The Court expects Dr. Hartman to act professionally and not submit Plaintiff to any unnecessary testing.

Other than broadly stating that Defendants have not identified the scope of the examination, Plaintiff has not argued what additional information should be provided nor has Plaintiff cited any case law in support of a more specific description of the scope of a psychological examination of this kind. The Court finds that Dr. Hartman has sufficiently indicated the scope of his examination through his Affidavit. *See Frazier*, 2011 WL 294875, at *2; *see also Denny v. Wingspan Portfolio Advisors, LLC*, 3:11-CV-1094, 2013 WL 2434572, at *3 (N.D. Tex. June 5, 2013) (denying Plaintiff's request to limit the scope of a forensic psychological examination).

The Court orders that the scope of the examination be limited to a psychological examination conducted according to Dr. Hartman's professional judgment and within the parameters set forth in Dr. Hartman's Affidavit.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Compel a Trial Rule 35 Psychological Examination [DE 47] and **ORDERS** Plaintiff J.H. to submit to a psychological examination that

    (1)    may not be videotaped or otherwise mechanically recorded;

    (2)    is conducted according to Dr. Hartman's professional judgment;

(3) is conducted between the hours of 9:00 a.m. and 4:00 p.m. on a date that is mutually convenient to the parties;

(4) allows Plaintiff to request a break when necessary and that Dr. Hartman accommodate him as soon as possible after completing a current line of questioning; and

(5) allows Plaintiff to have a family member present in an outer room and that Plaintiff be able to speak with that family member, his attorney, or anyone else on a break but that, if the break occurs during the administration of an examination, Plaintiff will not discuss the examination with anyone until the examination is complete.

SO ORDERED this 5th day of August, 2014.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record